IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE CRACKED EGG, LLC

      Plaintiff,
v.                                                              No. 2:20-cv-01434-RJC

COUNTY OF ALLEGHENY, a political
subdivision of the Commonwealth of
Pennsylvania and the ALLEGHENY
COUNTY HEALTH DEPARTMENT,

      Defendants.

## MOTION TO REFER CASE TO BANKRUPTCY COURT

**AND NOW**, comes the Plaintiff, The Cracked Egg, LLC, by and through its undersigned counsel, and files the within **Motion to Refer Case to Bankruptcy Court**, and in support thereof, states as follows:

### I.     Facts

1.     This case was filed on September 23, 2020. This case was brought to seek redress of Defendants' violation of Plaintiff's civil rights, including the filing of state court litigation as more fully described in paragraph 2 below.

2.     Prior to the filing of this case, Defendant, County of Allegheny, a political subdivision of the Commonwealth of Pennsylvania ("Allegheny County"), filed a complaint in civil action in the Court of Common Pleas of Allegheny County, PA at Docket No. GD-20-9809. In the Court of Common Pleas case, Defendant, County of Allegheny, a political subdivision of the Commonwealth of Pennsylvania, was seeking, amongst other things, an injunction barring Plaintiff from operating its business ("State Court Case").

3.     On October 9, 2020, Plaintiff filed a Voluntary Petition for Bankruptcy Relief in the United States Bankruptcy Court for the Western District of Pennsylvania, which

case is currently pending before The Honorable Jeffery A. Deller at Docket No. 20-22889-JAD ("Bankruptcy Case").

4. On October 15, 2020, Plaintiff filed a notice of removal for State Court Case, which notice removed jurisdiction of the State Court Case to the Bankruptcy Court, at Adv. Pro. No. 20-02166-JAD ("Adversary Proceeding").

5. This case involves various allegations that will directly affect the administration of the Bankruptcy Case and is directly related to the Adversary Proceeding.

6. This case involves, amongst other things, violations of Plaintiff's constitutional rights, which violations are still ongoing, and continue to damage Plaintiff's business operation, which is an asset of the bankruptcy estate in the Bankruptcy Case.

**II.     Argument**

7. The preceding paragraphs are incorporated by reference, as if set forth at length herein.

8. There is a standing Order of Reference directing that all matters arising under Title 11 or related to a case under Title 11 shall be referred to the United States Bankruptcy Court for the Western District of Pennsylvania.

9. A proceeding is related to a title 11 bankruptcy case if it could conceivably have any effect on the estate being administered in bankruptcy. *See Riverhounds Lender, LLC v. Pittsburgh Urban Initiatives Sub-CDE 3, LP*, 2015 U.S. Dist. LEXIS 46742, 7 (W.D. Pa. 2015); *citing Lichtenfels v. Electro-Motive Diesel, Inc.,* 2010 U.S. Dist. LEXIS 15079 (W.D. Pa. 2010)(quoting *Pacor v. Higgins*, 743 F.3d 984, 994 (3rd Cir. 1984)(overruled on other grounds).

10. In the present case, the outcome of Plaintiff's claims in this case will affect

and determine the ability of Plaintiff to continue operating its business. This is due to the nature of the Defendants' actions, which not only affect the financial health of the Plaintiff, but also its ability to operating as an ongoing business generally.

11. Plaintiff's ability to continue its business operation is necessary to effectuate a feasible bankruptcy reorganization.

12. Additionally, this case is related to the Adversary Proceeding as it seeks to invalidate certain orders of the Commonwealth of Pennsylvania as unconstitutional, which orders form the basis of Allegheny County's injunction action.

13. In sum, as any rulings made in this case will affect the operations of Plaintiff, this matter is related to the pending Bankruptcy Case of Plaintiff. The claims herein involve same underlying executive orders which form the basis of the Adversary Proceeding before the Bankruptcy Court. Additionally, the assets that are potentially affected by this case are necessary for an effective reorganization in the Bankruptcy Case.

14. As such, this matter should be referred to the Bankruptcy Court.

**WHEREFORE**, it is respectfully requested that this matter be referred to the United States Bankruptcy Court for the Western District of Pennsylvania and docketed as an adversary proceeding related to 20-22889-JAD.

Respectfully submitted,

*/s/ James R. Cooney*
James R. Cooney
PA I.D. #32706
Robert O Lampl
PA I.D. #19809
Ryan J. Cooney
PA I.D. #319213
Sy O. Lampl
PA I.D. #324741
Alexander L. Holmquist
PA I.D. #314159
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

Dennis M. Blackwell
PA I.D. #61040
Nicolette A. Blackwell
PA I.D. #325640
Benedum Trees Building
223 Fourth Avenue, 9th Floor
Pittsburgh, PA 15222
(412) 391-5299 (phone)
**Attorneys for the Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COUNTY OF ALLEGHENY, a political subdivision of the Commonwealth of Pennsylvania,** | Civil Division |
| **Plaintiff,** | No. 2:20-cv-01418-MJH |
| v. | |
| **THE CRACKED EGG, LLC,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify that on the 23rd day of October, 2020, I served true and correct copies of the within **Motion to Refer Case to Bankruptcy Court** upon the following parties by E-mail addressed as follows:

Vijya Patel, Asst. Solicitor
Michael Parker
Allegheny County Health Department
301 39th Street, Bldg. #7
Pittsburgh, PA  15201
Vijya.patel@alleghenycounty.us
Michael.parker@alleghenycounty.us

Frances M. Liebenguth
Allegheny County
445 Fort Pitts Blvd., Suite 300
Pittsburgh, PA  15219
Frances.liebenguth@alleghenycounty.us

Virginia Spencer Scott
Allegheny County Department of Law
300 Fort Pitt Commons
445 Fort Pitt Blvd.
Pittsburgh, PA  15219
Virginia.scott@alleghenycounty.us

_/s/ Robert O Lampl_
Robert O Lampl