IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CRACKED EGG, LLC, | CIVIL DIVISION |
| Plaintiff, | 2:20-cv-01434 |
| v. | |
| COUNTY OF ALLEGHENY, a political subdivision of the Commonwealth of Pennsylvania and the ALLEGHENY COUNTY HEALTH DEPARTMENT, | |
| Defendants. | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Allegheny County and the Allegheny County Health Department ("ACHD") file this MOTION TO DISMISS PLAINTIFF'S COMPLAINT pursuant to Fed.R.CivP. 12(b)(1) and 12(b)(6), as set forth more fully in the accompanying Brief, on the following grounds:

1.  Plaintiff The Cracked Egg, LLC, ("TCE") claims violations of its civil rights pursuant to 42 U.S.C.§1983 based on the State's implantation of Targeted Mitigation Orders enacted by the State in order to curb the spread of the deadly Covid-19 virus.

**Younger Abstention**

2.  Plaintiff is attempting to have this Honorable Court intervene in an ongoing State Court proceeding. This Court must decline to do so pursuant to the doctrine of abstention established in *Younger v. Harris*, 401 U.S. 37 (1971).

1

**Counts 1-3**

3. Counts one through three of Plaintiff's complaint amount to nothing more than strained state law challenges to the *State's* COVID-19 regulations. Plaintiff has failed to plead a viable cause of action against Defendants. Furthermore, Eleventh Amendment Immunity would apply to counts one through three as Plaintiff as not asserted any violation of a federal constitutional claim.

4. To the extent TCE is attempting to assert a § 1983 action against Allegheny County and ACHD under counts one through three, it must also fail for this reason. Section 1983 "is a ***vehicle for*** imposing liability against anyone who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution and laws." *Grammer v. John J. Kane Reg'l Ctrs.*, 570 F.3d 520, 525 (3d Cir. 2009). To succeed on a § 1983 claim, "a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).

**Count 4: Procedural Due Process**

5. TCE has plead no facts to support its contention that ACHD suspended its health permit without prior notice and opportunity to be heard. The ACHD visited TCE five times before suspending its health permit. Each time alerting TCE of its violations and providing guidance on how to come into compliance. Furthermore, the Allegheny County Code provides adequate post-deprivation relief. The Third Circuit has held that a plaintiff may not maintain a federal due process lawsuit when he or she could have taken advantage of an

adequate state post deprivation remedy but did not. *Elsmere Park Club, L.P. v. Town of Elsmere,* 542 F.3d 412, 420 (3d Cir.2008*)*.

6.      Plaintiff's Due Process claim with respect to service of the State Court Complaint and Emergency Motion must fail as well. The ACHD served the State Court complaint by way of Sheriff within thirty days of filing its complaint in compliance with the Pennsylvania Rules of Civil Procedure. **Pa**. R. Civ. P. **401**(a).

7.      Plaintiff TCE has been actively engaged and participating in the State Court matter the entire time. Furthermore, as of the date of this filing, no emergency hearing has been held in State Court and there has been no decision rendered in the matter.  There has been no deprivation.

### Count 5: Substantive Due Process

8.      Here, TCE is basing its substantive due process claim premised on "[t]he Owners' right to earn a living."  The owners of TCE, however, are not parties to this action.  TCE does not have an absolute right to engage in economic activity as it sees fit.

9.      TCE avers in its Complaint that the ACHD ordered the restaurant closed solely for its failure to comply with mask or facial covering guidelines. (Compl. at ¶¶ 19,20.)  Plaintiff TCE has not plead facts to support a contention that wearing a facial covering interferes in any way with the "right to earn a living."

10.     Lastly, Plaintiff TCE has failed to plead facts to support a conscience-shocking deprivation of their constitutional rights by either Allegheny County or the ACHD.  The Supreme Court held that state action violates due process only when it "shocks the conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998).

## Count 6: Equal Protection

11.     Equal protection does not mean all forms of differential treatment are forbidden. *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992).  Instead, equal protection "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Id*. The Equal Protection Clause, "is essentially a direction that all person similarly situated should be treated alike." *City of Cleburne, Tex. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed. 2d 313 (1985).  Plaintiff TCE has not plead how it has been treated differently from other *similarly situated* people and has not plead a constitutional right that has been violated.

WHEREFORE, for these reasons and those contained in the simultaneously filed Brief in Support of their Motion, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

*/s/ Frances Marie Liebenguth*
Frances Marie Liebenguth
Assistant County Solicitor
Pa. I.D. #314845
ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1108
Frances.Liebenguth@alleghenycounty.us

/s/ Vijyalakshmi Patel
Vijyalakshmi Patel, Esq.
Attorney for the Plaintiff ACHD
301 39th Street, Bldg. No. 7
Pittsburgh, PA 15201-1891
(412) 578-2653
Vijya.Patel@AlleghenyCounty.US